DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
Respondent, Daryl Gold, was formally charged with two counts of misconduct. The charges arose out of respondent’s failure to return property belonging to a third party in violation of Rule 1.15 of the Rules of Professional Conduct and failure to adhere to the lawful demands of a disciplinary authority, in violation of Supreme Court Rule XIX, § 9(c) and Rules 3.4(c), 8.1(b, c) and 8.4(a, d, g) of the Rules of Professional Conduct.
The facts developed at the formal hearing indicate that the complainants, an elderly woman and her son, sought legal advice from respondent regarding a real estate matter, *149 and left documents with him for his review. After review, respondent declined to take the case. However, despite repeated requests from the complainants, respondent never returned the documents to them.
Subsequently, respondent was personally served with a subpoena issued by the disciplinary counsel requesting that respondent appear and produce the complainants’ documents. Respondent failed to appear or produce the documents requested.
The hearing committee found that no attorney-client relationship existed between respondent and the complainants and concluded that the disciplinary counsel failed to prove, by clear and convincing evidence, that the documents were not returned to the complainants. However, the committee found that the disciplinary counsel proved by clear and convincing evidence that the respondent failed to adhere ^to the lawful demands of a disciplinary authority when he failed to comply with the subpoena. Accordingly, the committee recommended respondent be suspended for thirty days from the practice of law.
The disciplinary board agreed with the hearing committee’s findings regarding respondent’s failure to adhere to the lawful demands of a disciplinary authority. However, the disciplinary board also found that the absence of an attorney-client relationship did not relieve respondent of his obligation to identity and safeguard complainants’ papers and thus found that he had violated Rule 1.15. Further, the disciplinary board determined the discipline imposed by the hearing committee was too lenient since the hearing committee failed to consider the aggravating factors in this ease, which included an extensive prior discipline record and a pattern of misconduct,[1] bad faith obstruction of the disciplinary investigation, no remorse, vulnerability of the victim, substantial experience in the practice of law and indifference to returning the documents. In contrast to these aggravating circumstances, the board found only one mitigating factor, absence of a selfish or dishonest motive.
Based on these findings, the disciplinary board recommended respondent be suspended from the practice of law for a period of one year and a day, with all but 90 days deferred, and be placed on probation, subject to certain conditions, for a period of two years.
13Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the transcript, record, briefs and oral argument, it is the decision of this Court that the recommendations of the disciplinary board be accepted. However, in light of respondent’s very extensive prior disciplinary history, we take this opportunity to warn respondent that we will not tolerate further disciplinary violations by respondent and will view any future violations in a very harsh light.
Accordingly, it is ordered that respondent be suspended from the practice of law for a period of one year and one day, all but 90 days deferred, subject to a two year probationary period. It is further ordered that during the probationary period, respondent shall comply with all conditions of probation designated by the disciplinary board, except that condition number one is modified to provide that respondent need only make a diligent search for the complainant’s papers and return them if found. All costs of these proceedings are assessed to respondent.
TRAYLOR, J., dissents and assigns reasons.

 Marcus, J., not on panel. Rule IV, Part 2, § 3.

. Respondent’s disciplinary record consists of thirteen sanctions, including twelve reprimands and admonitions and a six month suspension from the practice of law imposed by this court in 1990. The reprimands and admonitions were imposed for neglect of legal matters, failure to communicate with clients and numerous counts of failure to cooperate with the disciplinary authority. The six mpnth suspension was imposed for commingling of client funds. See LSBA v. Gold, 563 So.2d 855 (La.1990).