DISCIPLINARY PROCEEDINGS
JiPER CURIAM. *
These consolidated disciplinary proceedings arise from the filing of two separate sets of formal charges against respondent, Laura Johnson, an attorney licensed to practice law in the State of Louisiana.
The first formal charge arises from respondent’s representation of R.B. Mills in a criminal matter pending in a Texas state court. On July 18, 1994, Mr. Mills arranged for Stephanie Hodges to send respondent $400 by Western Union for plane fare to travel to Houston on the next day for a scheduled court appearance. However, respondent failed to make the trip, and subsequently refused to refund the travel expenses advanced. The formal charges alleged respondent violated Rules 1.15(a), 1.15(b), 1.15(c), 1.16(d), 8.4(a), 8.4(b), and 8.4(e) of the Rules of Professional Conduct.
The second formal charge arises from three separate instances in which respondent failed to appear for depositions pursuant to four investigatory subpoenas issued by disciplinary counsel in connection with investigations of three separate complaints made against her. The formal charges alleged respondent violated Rules 3.4(a), 3.4(c), 8.1(b), 8.1(c), 8.4(a), 8.4(d), 8.4(g) of the Rules of Professional Conduct, and Supreme Court Rule XIX, § 9(c).
After consolidating both sets of formal charges for its review, a hearing was conducted and respondent appeared, offering testimony only as to the matter involving Ms. Hodges. Although respondent testified that she provided restitution to Ms. Hodges, she failed to provide proof at the hearing. The record was left popen for the submission of the proof; however, respondent failed to provide such.
After the conclusion of the hearing, the hearing committee filed its recommendation, finding that respondent violated the Rules of Professional Conduct. Although the committee did not find any mitigating factors, it listed other prior disciplinary transgressions and a pattern of misconduct as aggravating factors.[1] As such, the committee reeom- *1261 mended respondent be suspended from the practice of law for a period of one year and one day, as well as be assessed with all costs. Since respondent had not provided the committee proof of her payment of restitution, the committee further recommended that the suspension continue until respondent provided proof of payment and legal interest to Ms. Hodges.
The disciplinary board agreed with the findings of fact of the hearing committee as to the charge involving respondent’s failure to respond to the subpoenas. Although it found the presence of aggravating factors including prior disciplinary offenses and a pattern of misconduct, the board stated the remoteness of one of the offenses, a 1985 reprimand, to be a mitigating factor. It noted that since respondent answered the formal charges and appeared before the committee and panel in the matter involving Ms. Hodges, “respondent has learned to respond to disciplinary counsel’s request.”
However, the board deviated from the findings and recommendation of the committee as to the issue of reimbursement. The board concluded that restitution was unnecessary stating:
Respondent appeared before the Disciplinary Board Panel claiming that she thought the feejjwas her client’s (Mr. Mills) money, that it was part of her retainer fee and that she had earned the fee. Nevertheless, she admitted that she refunded the fee along with interest after the deposition of Mr. Mills and that she submitted proof of payment to the Hearing Committee Chair, who left the matter open for respondent to do so. However, the record contains no proof of payment and the Board does not know whether the exhibit was not sent or misplaced. The Board believes-that if Stephanie Hodges had not received a refund of her funds, she would have appeared at the Hearing Committee meeting on January 10, 1996 and/or at the Board Panel meeting, both of which she was placed under a subpoena. Therefore, the Board finds restitution unnecessary.
The board noted the respondent’s conduct caused no apparent injury to a client, restitution was' made, and the substance of the complaint was over whether the funds were legal fees or advanced costs. As such, the board recommended that respondent be suspended for one year and one day, deferred except for 90 days, as well as assessed with costs. In support, the board relied on In re Gold, 96-2526 (La. 4/18/97), 693 So.2d 148, where this court imposed a similar sanction (three months active suspension, with a two year probationary period) for an attorney charged with one count of fading to respond to a subpoena and one count of failing to return an unearned fee.
Two members of the board filed dissenting opinions. They maintained that the board majority’s finding that restitution was made was based purely on speculation, and they instead proposed the adoption of the hearing committee’s recommended sanction.
The disciplinary counsel filed an objection in this court to the disciplinary board’s findings and recommendation.
Based on our review of the record, we find that the disciplinary board erred in rejecting the hearing committee’s determination, as a factual matter, that restitution was not made. Since disciplinary counsel 'sustained his burden of proving' the alleged misconduct, the burden shifted to respondent to provide evidence to support her allegation that restitution was made. Respondent was given numerous opportunities to provide proof of restitution on the record, but she failed to do so. It was clearly improper for the board to speculate that restitution was made, phased on factors outside of the record.
Moreover, we disagree with the disciplinary board’s recommendation that a portion of respondent’s suspension should be deferred. Respondent’s conduct is clearly more serious than the conduct of the attorney in In re Gold, 96-2526 (La. 4/18/97), 693 So.2d 148, relied upon by the disciplinary board. Respondent retained a sum of money from her *1262 client, instead of documents, as in Gold. Likewise, while the attorney in Gold failed to respond to one subpoena, respondent failed to comply with four subpoenas issued by disciplinary counsel. Like the attorney in Gold, respondent has an extensive disciplinary history, including four instances of failure to cooperate. Based on these factors, we conclude that respondent should be suspended from the practice of law for a period of one year, with six months of the suspension deferred, followed by a two year probationary period. Additionally, in light of respondent’s extensive prior disciplinary history, we take this opportunity to warn respondent that we will not tolerate further disciplinary violations by her and will view any future violations in a very harsh light.

DECREE

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the records, briefs, and oral arguments, it is the decision of the court that respondent, Laura J. Johnson, be suspended from the practice of law for a period of one year, with six months of the suspension deferred, followed by a two year probationary period. It is further ordered that respondent either make restitution in the amount of $400 plus legal interest to Stephanie Hodges, or provide proof to disciplinary counsel that such restitution has been previously made. All costs of these proceedings are assessed to respondent.
KIMBALL and TRAYLOR, JJ., dissent and would impose a 1 yr. suspension.

 Lemmon, J., not on panel. Rule IV, Part 2, § 3.

.Respondent's prior discipline includes:
1. Formal private reprimand, 3/85, failing to appear at sentencing of criminal client;
2. Admonition, 11/21/90, failing to cooperate and respond to written complaint;
3. Admonition, 11/21/90, failing to cooperate and respond to written complaint;
4. Admonition, 9/29/93, failing to cooperate and respond to written complaint; and
*1261 5. Admonition, 8/9/94, two counts of failing to cooperate and respond to written complaint.