ATTORNEY DISCIPLINARY PROCEEDINGS
1PER CURIAM.*
This attorney disciplinary proceeding arises from three consolidated sets of formal charges involving a total of seven counts of misconduct instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Daryl Gold, an attorney licensed to practice law in the State of Louisiana.[1]
UNDERLYING FACTS

96-DB-0S9

These charges arise from respondent’s representation of Gerald Kennedy, a criminal inmate. Mr. Kennedy paid a $10,000 fee to respondent to represent him in connection with a parole matter. Respondent “guaranteed” that Mr. Kennedy would be granted parole. However, according to Mr. Kennedy, respondent failed to attend a parole hearing on his behalf or to request a continuance. After Mr. Kennedy filed a complaint with the ODC in 1993, respondent failed to comply with the ODC’s requests for information pertaining to the complaint.

96-DB-077

These charges arise from respondent’s failure to comply with the ODC’s requests for information regarding two separate complaints filed against him in July of 1996. In both cases, the ODC had subpoenas personally served on respondent compelling his cooperation, but he failed to comply.

J£ 7-DB-012

This charge arises from a complaint filed with the ODC on August 17, 1995 by JoAnn Bohannon against respondent. While respondent answered an initial request for information from the ODC, he failed to provide a supplemental response to a letter dated March 7,1996. Ultimately, the ODC issued a subpoena ordering him to appear for a scheduled deposition. On the morning of the deposition, respondent’s office called the ODC to advise that respondent would not attend. Later, re *1211 spondent provided an untimely supplemental response to the ODC’s request.
Another client, Larry Williams, filed a separate complaint against respondent on January 19, 1996. While respondent answered the ODC’s initial requests for information, he failed to provide a supplemental reply to a letter forwarded on June 20, 1996. Ultimately, a subpoena was issued ordering him to appear for a scheduled deposition. On the morning of the deposition, the respondent’s secretary called to advise the ODC that respondent would not attend his deposition since he was in a trial. Later, the respondent provided documents responsive to the subpoena. Subsequently, respondent failed to submit additional information as requested on October 7,1996.
DISCIPLINARY PROCEEDINGS
After the complaints were filed, the ODC conducted an investigation. Subsequently, the ODC instituted formal charges against respondent, alleging several violations of the Rules of Professional Conduct. In connection with the Kennedy matter, the ODC alleged respondent neglected a legal matter, in violation of Rule 1.3,[2] collected a contingency fee in a criminal matter, in violation of Rule 1.5(d)(2),[3] and improperly promised an outcome in a criminal matter, in violation of Rule 7.1.[4] In connection with the other charges, the ODC alleged the respondent failed |sto cooperate in the disciplinary investigation, in violation of Rule 8.4(g).[5] Respondent filed answers to each of the charges. While admitting that he failed to timely respond to the ODC’s requests for information, he essentially denied all other misconduct.
The matters were consolidated and a hearing was conducted where several parties testified, including respondent and his secretary. As to the Kennedy matter, the respondent admitted he was paid $10,000 in cash, but it was for past services rendered to Mr. Kennedy’s wife in a succession matter. He stated Mr. Kennedy still owed him $13,000 from his past representation of him in several criminal matters. Respondent provided evidence showing Mr. Kennedy was not eligible for parole until 1995, two years after the complaint was filed; thus, respondent asserted he could not have failed to show for a parole hearing as alleged in the complaint.
Further, respondent admitted that he failed to timely respond to the ODC’s requests for information. As to his failure to appear for the scheduled depositions, respondent testified that he was in the middle of a capital murder case that lasted several weeks and his secretary should have advised the ODC of the conflicts. Respondent’s secretary corroborated respondent’s testimony stating that, due to her calendaring error, the ODC was not timely notified.

Hearing Committee Recommendation

The hearing committee found the ODC failed to present clear and convincing evidence proving respondent neglected a legal matter, charged a contingency fee or promised an outcome in connection with the Kennedy matter. As to the remaining charge involving five counts of failure to *1212 cooperate, the hearing committee determined that, although respondent cooperated, he did so in an untimely manner. However, the committee did recognize some of the delays could be attributed to respondent’s involvement in a lengthy murder trial and his secretary’s calendaring|4errors.
The committee recognized several aggravating factors: prior discipline,[6] pattern of misconduct, multiple offenses and substantial experience in the practice of law (admitted 9/9/71). In mitigation, it noted the absence of a selfish or dishonest motive, cooperative attitude toward the disciplinary proceedings, and character and reputation. The committee recommended that respondent be publicly reprimanded for each complaint and that his present probation be extended for one year, with the condition that he respond to all future complaints within fifteen days. The ODC objected to the leniency of the sanction.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings of the hearing committee that the ODC proved by clear and convincing evidence that respondent was guilty of five counts of failure to cooperate as charged. It adopted the aggravating factors cited by the committee. However, in mitigation, it pointed out that the present charges were being investigated at the same time as the charges at issue in In re: Gold, 96-2526 (La.4/18/97), 693 So.2d 148, and that all of the charges could have been brought at the same time and dispensed in one proceeding. Notwithstanding that finding, the disciplinary board relied on ABA Standard 8.2[7] and deviated upward from the recommendation of the committee, instead proposing that respondent be suspended from the practice of law for a period of three months.
Respondent filed an objection to the disciplinary board’s recommendation, and the case was set for oral argument before this court pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
The record supports the hearing committee’s factual finding that respondent failed to cooperate in the disciplinary investigations, as charged. Moreover, the sanction for such | fimisconduct ordinarily would be a reprimand, as recommended by the committee. The board decided to recommend a suspension because respondent previously had been reprimanded for similar misconduct.
In this court’s April 1997 opinion, we noted respondent’s prior disciplinary history and warned him that any future misconduct would be treated harshly. If the misconduct at issue had occurred after that warning in our 1997 opinion, we would be inclined to impose a very lengthy suspension. However, the instant misconduct occurred prior to that opinion and could have been considered and dealt with in that opinion.
For that reason, we conclude that the additional public reprimand and extension of probation recommended by the committee is the more appropriate sanction. We take this opportunity to again caution respondent that any future misconduct, including the failure to cooperate in disciplinary proceedings, will be viewed in a very harsh light by this court and may be the basis for a substantial suspension.
*1213 DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, briefs and oral argument, it is ordered that respondent, Daryl Gold, be publicly reprimanded and that the two year period of probation imposed on April 18, 1997 be extended for one year from the finality of this decision. Respondent is assessed with all costs and expenses of this proceeding in accordance with Supreme Court Rule XIX, § 10.1.
CALOGERO, C.J., dissents would impose more severe punishment as recommended by the Disciplinary Board.
TRAYLOR, J., dissents and would impose a more severe penalty as recommended by the Disciplinary Board.
VICTORY, J., dissents and would impose a three month suspension.

 Kimball, J. not on panel. Rule IV, Part II, § 3.

. Respondent is currently on probation by order of this court. In re: Gold, 96-2526 (La.4/18/97), 693 So.2d 148, (respondent suspended for one year and one day, with all but ninety days deferred, followed by a two year probation, for failing to return client property and failing to cooperate with the ODC).

. Rule 1.3 provides:
A lawyer shall act with reasonable diligence and promptness in representing a client.

. Rule 1.5(d)(2) provides:
A lawyer shall not enter into an arrangement for, charge, or collect:
A contingent fee for representing a defendant in a criminal case.

. Rule 7.1 provides in pertinent part:
A lawyer shall not make or permit to be made a false, misleading or deceptive communication about the lawyer, the lawyer’s services or the services of the lawyer's firm.

.Rule 8.4(g) provides:
It is professional misconduct for a lawyer to:
Except upon the expressed assertion of a constitutional privilege, to fail to cooperate with the Committee on Professional Responsibility in its investigation of alleged misconduct.

. This court has suspended respondent from the practice of law on two occasions. In re: Gold, 96-2526 (La.4/18/97), 693 So.2d 148; Louisiana State Bar Ass'n v. Gold, 563 So.2d 855 (La.1990). In addition, between 1983 and 1995, respondent received fourteen formal private reprimands and admonitions, most of which involved failure to cooperate and failure to appear pursuant to a subpoena.

. Standard 8.2 provides suspension is generally appropriate when a lawyer had been reprimanded for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.