PER CURIAM.
|! This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Daryl Gold, an attorney licensed to practice law in Louisiana.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1971. Since that time, respondent has received fourteen private reprimands or admonitions for neglecting legal matters, failing to communicate with clients, failing to refund unearned fees, and failing to cooperate in a disciplinary investigation. Additionally, this court has considered three disciplinary proceedings against respondent. In the first, respondent commingled client funds, delayed payments to clients, failed to provide aecu- *398 rate records of funds received and disbursed on behalf of clients, and failed to adequately cooperate in disciplinary investigations. For this misconduct, we suspended respondent from the practice of law for a period of six months. Louisiana State Bar Ass’n v. Gold, 563 So.2d 855 (La.1990) (“Gold I ”).
In In re: Gold, 96-2526 (La.4/18/97), 693 So.2d 148 {“Gold II ”), respondent failed to return property belonging to a third party and failed to cooperate with the |2OPC in its investigation. For this misconduct, we suspended respondent from the practice of law for one year and one day, with all but ninety days deferred, subject to two years of probation with conditions.
Finally, in the third matter, respondent failed to cooperate with the ODC in several investigations. Because this misconduct had occurred prior to our opinion in Gold II, we publicly reprimanded respondent and extended the probation imposed in that case. In re: Gold, 98-2819 (La.4/30/99), 734 So.2d 1210 (“Gold III”).
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In January 2008, the ODC filed formal charges against respondent in 08-DB-013.[1] Respondent answered the formal charges, admitting some misconduct and denying other misconduct. The matter then proceeded to a formal hearing on the merits, conducted by the hearing committee in August 2008.
In April 2009, the ODC filed a second set of formal charges against respondent in 09-DB-022. Respondent answered the formal charges, denying any misconduct. The matter then proceeded to a formal hearing on the merits, conducted by a separate hearing committee in November 2009.
Thereafter, the two sets of formal charges were consolidated by order of the disciplinary board. The board subsequently filed in this court a single recommendation of discipline encompassing both sets of formal charges.

U08-DB-013

Count I — The Spears Matter
In 2002, Anthony Spears hired respondent to represent him in post-conviction relief proceedings. Mr. Spears paid respondent $2,250 of the agreed-upon fixed fee of $5,000. Thereafter, respondent failed to file any documents or pleadings on Mr. Spears’ behalf. Nonetheless, he did not refund the unearned fee or otherwise address the unearned fee issue. Mr. Spears was unable to contact respondent to resolve these and other issues, despite numerous attempts to do so.
In July 2005, Mr. Spears filed a disciplinary complaint against respondent. In April 2008, respondent submitted the fee dispute to the Louisiana State Bar Association’s alternative dispute resolution program.[2]
The ODC alleged respondent violated the following provisions of the Rules of *399 Professional Conduct: Rules 1.4 (failure to communicate with a client) and 1.5(f)(5) (failure to refund an unearned fee).
Count II — The Kessee Matter
In September 2003, Hillary Williams hired respondent to represent Charles Kessee in a criminal matter in the United States District Court for the Western District of Louisiana. Respondent quoted a fee of $20,000 to handle the representation but agreed to charge only $10,000 if Charles pled guilty prior to trial. The fee agreement was not reduced to writing. On November 25, 2003, Ms. Williams paid respondent $10,000 in cash. On February 18, 2004, Charles’s mother, Earnestine Kessee, paid another $4,000 towards the $20,000 fee. The matter was fixed for trial, and a jury |4was selected. However, on March 1, 2004, before the jury was sworn, Charles entered a guilty plea.
Ms. Kessee made several attempts to discuss the unearned fee issue with respondent, but he failed to adequately address the matter. In January 2005, she filed a disciplinary complaint against respondent. In March 2005, respondent informed the ODC he intended to address the matter in fee arbitration. However, he did not do so until April 2008, when he submitted the fee dispute to the Louisiana State Bar Association’s alternative dispute resolution program.[3]
The ODC alleged respondent violated Rule 1.5(f)(5) of the Rules of Professional Conduct.
Count III — The Failure to Cooperate Matter
In March 2007, Gerald Hall, one of respondent’s criminal clients, filed a disciplinary complaint against him. Respondent received notice of the complaint and was granted an extension of time to answer. Nonetheless, he failed to respond, necessitating the issuance of a subpoena to obtain his sworn statement, which was taken on August 15, 2007.
The ODC alleged respondent' violated Rule 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

Hearing Committee Report

As previously indicated, this matter proceeded to a formal hearing on the merits conducted in August 2008. After reviewing the testimony and evidence presented at the hearing, the hearing ' committee found that respondent acknowledges the factual | .-,allegations of misconduct as alleged in Counts I, II, and III of the formal charges. In two cases, respondent charged fixed fees, failed to complete the representations, and failed or refused to refund the unearned fee or address the fee issue with his client as required by Rule 1.5(f)(5) of the Rules of Professional Conduct. Additionally, in Count III, respondent failed to cooperate with the ODC by failing and/or refusing to respond to the complaint, necessitating the issuance of a subpoena to compel his appearance at the ODC’s offices.
The committee determined the baseline sanction for respondent’s misconduct is a suspension. The committee also found 1) Respondent is in poor health and needs to maintain the health insurance coverage provided by his employer, the Capital Assistance Project of Louisiana; 2) Respondent does not deny his misconduct, and his misconduct was not intentional but rather one of a good attorney being a bad businessman; 3) Respondent is currently limit *400 ing his practice to the Capital Assistance Project of Louisiana.
In aggravation, the committee noted respondent’s prior disciplinary offenses and indicated its concern that respondent agreed to submit the Kessee matter to fee arbitration in 2005 but did not do so until April 18, 2008. The committee also found the mitigating factor of remorse to be present.
Under these circumstances, the committee recommended respondent be suspended from the practice of law for one year and one day, with all but thirty days deferred, subject to the condition that respondent divest all of his current private cases within sixty days and refrain from ever representing any new private clients. The committee further recommended that, if respondent fails to comply with this condition, the deferred portion of the suspension be imposed.
The ODC filed an objection to the hearing committee’s recommendation.
| (09-DB-O22

The Davis Matter

In late 1997, Ronnie Davis hired respondent to represent him in a criminal matter involving the charges of battery on a police officer and resisting arrest. After a bench trial in 1999, Mr. Davis was acquitted of the battery charge but convicted of resisting arrest. Mr. Davis also hired respondent to represent him in a civil claim against the Shreveport Police Department for the use of excessive force. Respondent did not file the civil suit until August 2000, well beyond the one-year prescriptive period. The suit was eventually dismissed on an exception of prescription.
Mr. Davis sued respondent for malpractice and obtained a default judgment against him in the approximate amount of $97,000. Respondent later discharged the debt in bankruptcy.
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client) and 3.1 (meritorious claims and contentions).

Hearing Committee Report

As previously indicated, this matter proceeded to a formal hearing on the merits conducted in November 2009. Ronnie Davis and respondent both testified at the hearing, as did the attorney who represented Mr. Davis in the malpractice suit filed against respondent.
After reviewing the testimony and evidence presented at the hearing, the hearing committee found that Mr. Davis and respondent never had a written contract regarding the civil matter. However, Mr. Davis timely asked respondent to file a civil lawsuit and reasonably believed respondent had agreed to do so. By failing to timely 17file the lawsuit or find another attorney to do so, respondent violated Rule 1.3 of the Rules of Professional Conduct.
The committee determined respondent negligently violated duties owed to his client, causing harm by depriving the client of the opportunity to assert his civil claim against the City of Shreveport. The harm is mitigated by the fact that the civil claim faced great obstacles to success, and by the malpractice judgment the client obtained against respondent; however, the judgment was discharged in respondent’s bankruptcy without any compensation to the client. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is a public reprimand.
The only aggravating factor found by the committee is respondent’s prior disciplinary offenses. The committee found the following mitigating factors: absence of a dishonest or selfish motive, full and *401 free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, and remorse.
Considering all the circumstances, the committee recommended respondent be publicly reprimanded. The committee also recommended respondent be placed on probation for two years with the condition that he divest all of his current private cases within sixty days and refrain from ever representing any new private clients.
Neither respondent nor the ODC filed an objection to the hearing committee’s report or recommendation.

08-DB-013 & 09-DB-022

Disciplinary Board Recommendation

After reviewing these consolidated matters, the disciplinary board determined the hearing committee’s factual findings in 08-DB-013 are not manifestly erroneous. | sBased on these facts, the board determined respondent violated Rule 1.4 of the Rules of Professional Conduct by failing to communicate with Mr. Spears about the status of his post-conviction relief application or his request for the return of his fee. Respondent also violated Rule 1.5(f)(5) in both the Spears matter and the Kessee matter by failing to refund the amount of the fee the parties agreed was unearned or, absent such an agreement, failing to place disputed funds in a trust account until the dispute could be resolved. Furthermore, respondent initially failed to suggest means for a prompt resolution of these fee disputes. Finally, respondent violated Rule 8.1(c) when he failed to timely respond to Mr. Hall’s complaint, which forced the ODC to issue a subpoena to take his sworn statement.
With respect to 09-DB-022, the board determined the committee’s factual findings are supported by the record and are not manifestly erroneous. The board also determined the committee properly concluded that respondent violated Rule 1.3 but not Rule 3.1.
The board determined respondent violated duties owed to his clients and the legal profession. His conduct was knowing in the Spears, Kessee, and Hall matters but was negligent in the Davis matter. Respondent harmed Mr. Spears by delaying a refund of his fees. He harmed Ms. Kessee by delaying a possible refund of her fees. He caused an unwarranted expenditure of the ODC’s resources in having to issue a subpoena to obtain his sworn statement. However, the harm to Mr. Davis was limited to his being deprived of the opportunity to assert his civil claim.
The board found the following aggravating factors present: prior disciplinary offenses, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1971). The board found the following mitigating factors present: absence of a dishonest or selfish motive, personal or emotional problems | ^respondent’s poor health and his need for health insurance provided by the Capital Assistance Project), a cooperative attitude toward the proceedings, and remorse.
After further considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and. one day, fully deferred, subject to two years of probation with conditions.
The ODC filed an objection tó the disciplinary board’s report and recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this *402 court. La. Const, art. V, § 5(B). Consequently, we .act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, the record reveals respondent failed to communicate with a client, failed to promptly address fee disputes with two clients, failed to place disputed funds in a trust account, failed to cooperate with the ODC in an investigation, and neglected a legal matter, causing the client’s claim to prescribe. 11flBased on this misconduct, respondent has violated the Rules of Professional Conduct as found by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In the Davis matter, respondent’s conduct was negligent. In the other matters, respondent acted knowingly. He violated duties owed to his clients and the legal profession. He caused harm to his clients and the attorney disciplinary system. The baseline sanction for respondent’s misconduct is a suspension. The record supports the aggravating and mitigating factors found by the board.
In light of respondent’s lengthy prior disciplinary record, we cannot excuse his misconduct in this matter or impose the fully deferred suspension which might otherwise be appropriate. Rather, we find that an actual period of suspension is warranted. We will impose a two-year suspension, deferring all but six months of the suspension on the condition that respondent successfully complete a two-year period of probation. We caution respondent that any misconduct on his part during the period of probation may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
InDECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Daryl Gold, Louisiana Bar Roll number 6083, be and he hereby is suspended from the practice of law for two years. It is further ordered that all but six months of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on unsupervised probation for two years. Any misconduct by respondent during the probationary period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest *403 to commence thirty days from the date of finality of this court’s judgment until paid.

. 08-DB-013 originally consisted of four counts of misconduct; however, the ODC withdrew one count of misconduct during the formal hearing. Accordingly, this opinion will not address the misconduct contained in the withdrawn count.

. Following an arbitration hearing on December 3, 2008, respondent and Mr. Spears agreed that respondent would refund $1,250 to Mr. Spears’s father, James Wall. Respondent has supplemented the record of this matter to include a copy of his canceled check payable to Mr. Wall.

. Following an arbitration hearing on May 12, 2009, the arbitrator determined respondent owes no refund of the $14,000 he received towards his $20,000 fee. Respondent has supplemented the record of this matter to include a copy of the arbitrator’s ruling.