|1PER CURIAM *
In September of 1986, Respondent, Burton P. Guidry, was retained by Mrs. Georgia Square to represent her son, John Square, in post conviction proceedings. Respondent accepted a $2,500.00 fee from the Squares. Mr. Guidry’s efforts on behalf of his clients included a brief prison interview with John Square and a brief analysis of the court records. Mrs. Square attempted to contact Mr. Guidry on several occasions to ascertain whether he had made any progress but never received a response. Mrs. Square was therefore forced to retain an attorney to assist her in obtaining an accounting of the funds that she had advanced to Respondent and to obtain the return of any unearned fees.
Respondent was served with formal charges on March 31, 1993. After a formal hearing, the hearing committee determined that he had violated several disciplinary rules and rules of conduct but did not list the specific violations. The hearing committee recommended that Mr. Guidry be suspended from the practice of law for a period of ninety days, that he make restitution to Ms. Square, and that he be assessed with all costs. The disciplinary board agreed with the hearing committee’s findings of fact and concluded that Guidry violated disciplinary rules 1-102(A), 6-101(A)(3), 7-101(A), 2-110(A)(3) and Rules of Professional Conduct 1.3, 1.4, 1.16(d), and 8.4. The disciplinary board recommended that Respondent be suspended for one year and one day, that he make restitution to Mrs. Square in the amount of $2,250.00, together with legal interest from July 1, 1990 until paid, and that Respondent be assessed with all costs. On October 29, 1993, Respondent made restitution in the amount of $2,960.10.
Upon review of the hearing committee and disciplinary board findings and recommendations as well as the transcript, record, briefs, and oral argument, it is the deci-sion |2of this court that the recommendation of the hearing committee be accepted.
As we noted in Louisiana State Bar Ass’n v. White, 538 So.2d 256 (La.1989), the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession and to deter other lawyers from committing ethical violations. The discipline to be imposed will depend on the seriousness of the offense involved and the facts and circumstances of each case. Id. In so doing, we take into consideration both aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Hayling 529 So.2d 1 (La.1988). Consequently, our decision to impose a less severe disciplinary action than recommended *627 by the disciplinary board in this matter is based upon three principal factors: (1) the conduct giving rise to these proceedings occurred while the respondent was suffering from the emotional and substance abuse problems which gave rise to the conduct for which he was suspended from the practice of law in 1990 in Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990); (2) the delay in bringing disciplinary action; and (3) evidence of rehabilitation.
While prior disciplinary action does not normally serve as a mitigating factor, cf Louisiana State Bar Ass’n v. Perez, 471 So.2d 685 (La. 1985), in this case the evidence in the record indicates that Mr. Guidry’s dealings with the Square family occurred before his 1990 suspension for other disciplinary infractions which had occurred during the same time period. In light of this unique factual situation, we believe that Mr. Gui-dry’s 1990 suspension, because it was imposed after his dealings with the Squares, should be considered as a mitigating factor.
Additionally, this court has recognized that delay in pressing and concluding disciplinary actions constitutes an ordeal which punishes a respondent over and beyond the discipline imposed by this court. Louisiana State Bar Ass’n v. Gold, 563 So.2d 855 (La.1990); Louisiana State Bar Ass’n v. Edwards, 387 So.2d 1137 (La.1980). The conduct at issue in this case occurred six and one half (6 1/2) years before formal charges were filed against Mr. Guidry with the Disciplinary Board of the Louisiana State Bar Association. In mitigating the discipline imposed, this court takes into consideration the length of delay in bringing disciplinary action before imposing discipline on an attorney who has used the intervening years wisely in rehabilitating himself. See Gold, supra.
Finally, we conclude that the evidence of Mr. Guidry’s rehabilitation should also serve as a factor to consider before imposing discipline. In this case, the record indicates that since |3being disciplined in 1990, Mr. Guidry has been a responsible and stable citizen, has been active in providing free legal work as a public service, and has remained clear of errant and unethical behavior while making strides in his ongoing rehabilitation from the grips of depression and substance abuse.
DECREE
For the reasons assigned, it is ordered, adjudged and decreed that Burton P. Guidry be suspended from the practice of law in Louisiana for ninety days from the date of this judgment and that he bear all costs of these proceedings.
LEMMON, J., concurs but would add a probationary period of two years with monitoring.
DENNIS, J., concurs and assigns reasons.

 Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994, not on panel. Rule IV, Part 2, § 3.