*1093 DISCIPLINARY PROCEEDING
hPER CURIAM.
Respondent, Martha E. Minnieweather, was formally charged in 94 — B-1782 with four counts of commingling and converting client funds, failing to act with reasonable diligence and failing to keep clients reasonably informed, in violation of Rules 1.3, 1.4, 1.5(c), 1.15, and 8.4(a)(b) and (c) of the Rules of Professional Conduct.
In Count 1, the facts establish Minnie-weather did not inform her clients of a settlement of their personal injury claims, she endorsed settlement checks without authority, and she commingled and converted the proceeds to her own use. In Count 2, the facts show Minnieweather falsely informed her clients of the monthly amount they were to pay in a bankruptcy proceeding, she forwarded only a partial amount to the bankruptcy trustee, and she commingled and converted the balance to her own use. In Count 3, the facts show Minnieweather failed to pay settlement proceeds to her client in a workers compensation case, failed to make an accounting, and commingled and converted the amount in settlement to her own use. In Count 4, the facts show Minnieweather failed to pay or account for loan proceeds given to her for safekeeping by a client. Instead, respondent commingled and converted the proceeds to her own use and failed to perform the legal services for which she was retained.
In 94-B-2462, Minnieweather was formally charged with having been convicted of criminal offenses which constituted serious criminal conduct involving violation of Rules 1.4, 1.15, 3.3, 4.1 and 8.4(a)(b)(c) and (d) of the Rules of Professional Conduct and which adversely reflected upon her moral fitness to practice law. The documentary evidence established Minnieweather was convicted in federal district court of two counts of misappropriation of bankruptcy estate property, one count of concealing the assets of |2a bankruptcy estate, and four counts of mail fraud in violation of 18 U.S.C. §§ 153, 152, and 1341. She was sentenced to serve 48 months imprisonment followed by three years supervised release, and was ordered to pay restitution in the amount of $67,579.89. Minnieweather was placed on interim suspension by this Court on July 16,1993. Both the Hearing Committee and Disciplinary Board recommended that Minnieweather be disbarred with preconditions for readmission to the practice of law.
Upon review of the record of the Disciplinary Board’s findings and recommendations, and the record filed herein, it is the decision of the Court that the Disciplinary Board’s recommendations be adopted.
Accordingly, it is ordered that the name of Martha E. Minnieweather be stricken from the roll of attorneys and that her license to practice law in the state of Louisiana be revoked effective July 16,1993. ' See Rule 19, § 24(a), Supreme Court Rules. In any future application for readmission, Minnie-weather’s efforts toward restitution to her clients will be considered. In 94-B-1782, respondent should pay restitution of $5,654 to her clients in Count 2, $15,000 to her client in Count 3, and $24,000 to her clients in Count 4. In 94-B-2462, respondent should pay restitution of $67,579.89 as ordered in her criminal proceedings. Where there is an overlap between 94-B-1782 and 94-B-2462, respondent would not be responsible for double payment. All costs of these proceedings are assessed to respondent.
DISBARMENT ORDERED.
CALOGERO, C.J., not on panel.