DISCIPLINARY PROCEEDING
hPER CURIAM.*
On February 19, 1993, Disciplinary Counsel filed formal charges against Attorney E. Lynn Singleton, consisting of Counts I-V. In each count of Counts I — III, Disciplinary Counsel alleged Singleton violated DR 5-104(A) (a lawyer shall not enter into a business transaction with a client if they have differing interest unless the client has consented after full disclosure), DR 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship), DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and DR 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects upon his fitness to practice law)[1] of the Code of Professional Responsibility in that in each count charged, Singleton had induced his client to invest funds in Florida Parishes Mortgage & Loan Corporation (“Florida Parishes”), a corporation in which he was an owner, officer and director, without disclosing his interest to the client. In this regard, Disciplinary Counsel alleged that, given their respective positions as attorney and client, Singleton and each of his clients had differing interests in the in *712 vestment transaction such that Singleton should have provided his clients with disclosure and advice to seek the opinion of outside counsel before investing in Florida Parishes. In each count of Counts IV and V, Disciplinary Counsel alleged Singleton violated DR 1-102(A)(1), (4), and (6), see supra, in that in each count charged, Singleton had, through false and misleading statements, representations and/or promises, induced persons with which he had no attorney-client relationship to invest money in Florida Parishes, and then caused or permitted all or a portion of the funds deposited to be diverted to his attorney trust account, personal expenses, and the bank accounts of other corporations in which he was an owner, officer and director.
laAiter conducting hearings on the matter, the Hearing Committee found Disciplinary Counsel had proven a violation of DR 5-104(A) in each count of Counts I-III, but had failed to prove by clear and convincing evidence a violation of any disciplinary rule with respect to the allegations made in Counts IV and V. The Hearing Committee found that Singleton had violated a duty owed to each of his clients in that he had acted knowingly in his failure to disclose his relationship with Florida Parishes to his clients, which resulted in substantial injury to each of the clients in the form of a loss of principal invested by each client in Florida Parishes, plus interest on each of the principal sums lost. After examining aggravating factors consisting of selfish motive, a pattern of misconduct, multiple offenses, vulnerability of the victims, and an apparent indifference to making restitution, as well as the mitigating factor of the lengthy delay in the bringing of disciplinary proceedings, the Hearing Committee recommended Singleton be suspended for one year, with reinstatement conditioned upon restitution to his former clients.
The Disciplinary Board agreed with the Hearing Committee that Disciplinary Counsel had proven a violation of DR 5-104(A) by clear and convincing evidence in each count of Counts I-III. The Disciplinary Board further agreed with the Hearing Committee’s findings with regard to these counts that Singleton had violated a duty owed to each of his clients in that he acted knowingly in his failure to disclose his relationship with Florida Parishes to his clients, and with the Hearing Committee’s finding of the above described aggravating factors. However, in addition to the lengthy delay in the bringing of disciplinary proceedings, the Disciplinary Board noted the presence of several other mitigating factors, including Singleton’s cooperative attitude towards disciplinary proceedings and his character and reputation.[2] Noting the substantial delays in the bringing and concluding of the disciplinary proceedings in this matter, the Disciplinary Board concluded a sanction which would prohibit Singleton from practicing law for an extended period of time, such as the one year suspension recommended by the Hearing Committee, is not appropriate. The Disciplinary Board therefore recommends that this Court publicly reprimand Singleton and order him to pay restitution to his clients within sixty days of this Court’s judgment, with suspension to follow until such time as restitution is made should Singleton fail to make restitution within the sixty day period following this Court’s judgment.
laBoth Singleton and Disciplinary Counsel have objected in this Court to the Disciplinary Board’s recommendation. Disciplinary Counsel objects to the recommended sanction as too lenient, suggesting instead that suspension for one year and one day is appropriate. Singleton objects to the Disciplinary Board’s findings and conclusions, claiming DR 5-104(A) does not apply to the conduct covered by Counts I-III, the Board erred in concluding he had “differing interests” [3] from his former clients, and the *713 Board erred with regard to its recommendation of restitution.[4]
As a preliminary matter, we agree with the Hearing Committee and the Disciplinary Board that Disciplinary Counsel failed, with respect to the conduct alleged in Counts IV and V of the formal charges, to prove a violation of the disciplinary rules by clear and convincing evidence. However, after thoroughly reviewing the record evidence, the recommendations of the Hearing Committee and the Disciplinary Board, the objections and briefs of both Disciplinary Counsel and Singleton, and entertaining oral argument in this matter, we conclude that the Hearing Committee and the Disciplinary Board are correct in finding Disciplinary Counsel proved Singleton violated DR 5-104(A) by clear and convincing evidence in each count of Counts I — III. As a factual matter, Singleton had an attorney-client relationship with each of the clients described in Counts I — III. In each case, Singleton, in the course of his representation of the client, obtained a monetary recovery for the client. In each case, Singleton, an owner, officer and director of Florida Parishes, then advised the client to invest their funds in Florida Parishes without disclosing his interest in Florida Parishes to the client. As both the Hearing Committee and the Disciplinary Board found, in each ease Singleton’s actions occurred in the context of an existing attorney-client relationship where the client had a right to and obviously did expect Singleton to exercise his judgment on matters such as those involved herein, i.e., where the client should invest their recovery, for the benefit and protection of the client. ^Further, as both the Hearing Committee and the Disciplinary Board found, Singleton and his clients clearly had “differing interests,” as that phrase is used in DR 5-104(A), in the transaction. More specifically, Singleton’s interests in the transaction consisted of his need to obtain investors for Florida Parishes so that Florida Parishes would have sufficient capital to finance its real estate development ventures which, if successful, would result in additional income to Singleton or the increased value of Florida Parishes, in which Singleton had a significant ownership interest. In contrast, Singleton’s clients’ interests in the transaction consisted of the need for a secure investment which provided a good return. While the two interests were not necessarily mutually exclusive, they were sufficiently different under DR 5-104(A) to require Singleton to disclose his interest in Florida Parishes to his clients before advising them to invest in Florida Parishes. See, e.g., LSBA v. Gross, 576 So.2d 504 (La.1991).
However, considering the mitigating factors found by the Disciplinary Board, especially the lengthy delay between the conduct underlying Counts I — III and the commencement of disciplinary proceedings, we find the appropriate sanction for Singleton’s violation of DR 5-104(A) to be suspension from the practice of law for a period of six months, with the suspension itself suspended, and placement of Singleton on probation for one year. The conduct at issue in Counts I — III, the advising of clients to invest in Florida Parishes, occurred between 1978 and 1982, eleven years before commencement of disciplinary proceedings and fourteen years before conclusion of disciplinary proceedings. As the Disciplinary Board concluded, a sanction which would prohibit Singleton from practicing law for an extended period of time, such as the one year suspension recommended by the Hearing Committee or the one year and one day suspension suggested by Disciplinary Counsel, coming so long after the actual conduct at issue, would serve no valid purpose at this point in time and is therefore not appropriate. See, e.g., In Re Burton P. Guidry, 94-1923 (La.10/28/94), 645 So.2d 625.
DECREE
For the reasons assigned, it is ordered, adjudged and decreed that E. Lynn Singleton be suspended from the practice of law in Louisiana for a period of six months from the date of this judgment, said suspension itself being suspended, that he be placed on probation for a period of one year, and that he bear all costs of these proceedings.
*714 BLEICH, J., dissents and would suspend respondent for 18 months.

 Lemmon, J., not on panel. Rule IV, Part II, § 3.

. Because the conduct at issue in this matter occurred between 1978 and 1986, the old rules of professional conduct govern in this matter (the new rules were adopted January 1, 1987).

. The Disciplinary Board further found no manifest error in the Hearing Committee's determination that Disciplinary Counsel had failed to prove a violation of the disciplinary rules by clear and convincing evidence with regard to the conduct alleged in Counts IV and V.

. DR 5-104(A) states:
A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure.

. It should be noted with respect to the restitution issue that the claims and/or debts representing the losses suffered by Singleton’s clients have been discharged in Singleton’s bankruptcy.