ATTORNEY DISCIPLINARY PROCEEDINGS
liPER CURIAM.*
This attorney disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael C. Col-wart. The charges allege respondent violated the Rules of Professional Conduct, specifically, Rules 1.3 (lack of due diligence), 1.4 (failing to comply with reasonable requests for information), 1.5 (failing to refund fee), 1.15(b) (failing to return and account for client funds), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failing to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving fraud, deceit, dishonesty or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failing to cooperate with the ODC).
UNDERLYING FACTS
The record indicates that in October 1994, respondent was retained by Douglas Carter, an Angola inmate, to handle his criminal appeal. Although Mr. Carter’s wife paid respondent a fee in the amount of $1,000, respondent performed little or no legal services on his behalf and failed to file the appeal. Additionally, he failed to communicate with Mr. Carter or his wife, despite their many attempts to contact him.
*849 DISCIPLINARY PROCEEDINGS
In June, 1995, Mr. Carter filed a complaint with the ODC, alleging misconduct on the part of respondent and requesting assistance in obtaining a refund of the unearned fee. Respondent failed to comply with the ODC’s requests for information, and a subpoena was issued 12CompelIing his attendance for a deposition. In his deposition testimony, respondent denied any misconduct. He stated much of the delay in his handling of the matter resulted from his inability to communicate with his client. In support, he submitted into evidence a copy of the letter he forwarded to Mr. Carter, dated July 18,1995, five days after respondent’s receipt of a copy of the complaint. While writing he was “miffed” over the filing of the complaint with the ODC, respondent asked his client whether he wanted the appeal proceedings to be filed or the unearned fee to be returned. Respondent claimed his client failed to respond to the letter.[1]
For eleven months following the deposition, Mr. Carter made numerous requests to respondent seeking the return of the unearned fee. Despite instructions from the ODC instructing him to pay his client, respondent did not return the fee until August 1996.
On March 24, 1997, formal charges were instituted. Respondent failed to file an answer, and the matter was submitted to the hearing committee on documentary evidence. While respondent neglected to file any evidence in the record regarding sanctions, the ODC submitted seventeen exhibits substantiating the charges and prior discipline levied against respondent.[2] At the conclusion of the hearing, the hearing committee filed its report with the disciplinary board, proposing respondent be suspended from the practice of law for a period of six month.[3]
Subsequently, the disciplinary board issued its recommendation to the court concurring in the sanction suggested by the committee. In support, it relied on jurisprudence from this court and the presence of several aggravating factors.[4]
One board member dissented, stating he would suspend respondent from the ^practice of law for a period of one year and one day with “heavy” continuing legal education requirements for readmission, plus probation.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
CONCLUSION
Based on our review of the record, we conclude the sanction recommended by the disciplinary board is appropriate under the facts and consistent with the prior jurisprudence of this court.[5]
*850 DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that the recommendation of the disciplinary board be adopted. Accordingly, it is ordered that respondent, Michael C. Colwart, be suspended from the practice of law for a period of six months. All costs of these proceedings are assessed against respondent with legal interest to commence running thirty days from the finality of this judgment until paid.

 Traylor, J. not on panel. Rule IV, Part II, § 3.

. Upon receiving a copy of the deposition from the ODC, Mr. Carter responded that he did in fact receive the letter from respondent that had been submitted into evidence, but that his copy was "intentionally” undated and was mailed the day before the deposition (September 11, 1995), in an attempt to give the appearance at the deposition that respondent was attempting to timely and amicably resolve the matter with his client.

. Respondent’s prior discipline consists of the following: (1) reprimand (4/20/89) — neglect of legal matter; (2) admonition (6/5/95) — failure to cooperate with the ODC; (3) admonition (7/20/95) — failure to cooperate with the ODC; (4) admonition (8/31/95) — failure to file post-conviction application on behalf of criminal defendant, despite receiving fee.

. In addition to the charged misconduct, the committee noted that there may have also been misconduct involving commingling of client funds. In support, it pointed out the two checks issued by respondent for reimbursement of the unearned fees were written on his personal account and listed his home address, not his office address.

. While it failed to recognize any mitigating factors, the board recognized several aggravating factors: (1) prior discipline; (2) failure to cooperate; (3) lack of remorse; and (4) substantial experience in practice of law.

. See In Re: Crawford, 97-1002 (La.9/19/97), 699 So.2d 379 (six month suspension imposed on a lawyer for neglect of a legal matter and failing to communicate with clients); In re: Guidry, 94-1923 (La.10/28/94), 645 So.2d 625 (attorney suspended three months for failing to pursue a post conviction matter for his incarcerated client, failing to communicate with client, and failing to refund the retainer fee; primary mitigating factor was six and one-half year delay in the proceedings).