hPER CURIAM.*
This disciplinary proceeding arises from a petition for consent discipline filed by respondent, James F. Slaughter, an attorney licensed to practice law in the State of Louisiana. The Office of Disciplinary Counsel (“ODC”) concurred in the proposed consent discipline, and the disciplinary board recommended the petition be accepted.
UNDERLYING FACTS
In 1996, Kenneth Terral retained respondent in connection with a paternity and child custody matter. Mr. Terral agreed to pay respondent a fee of $1,000 plus $200 in court costs, apparently to be paid on an installment basis. Although respondent accepted weekly payments toward the fee from Mr. Terral, he failed to keep records to indicate how much had been paid.
In July 1997, prior to the completion of the matter, respondent advised Mr. Terral he would have to withdraw from further representation due to a conflict of interest. After withdrawing, respondent failed to account for his earned fee and failed to refund the unearned portion of the fee, despite a request from Mr. Terral.
*1139 I .¿DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed one count of formal charges against respondent, alleging a violation of Rules 1.5 (failure to account for and refund an unearned fee), 1.15 (failure to protect client property) and 1.16(d) (failure to protect client interests and failure to refund unearned portion of advanced fee at termination of representation) of the Rules of Professional Conduct.
After the filing of the formal charges, respondent submitted a petition for consent discipline, admitting to the allegations of misconduct contained in the formal charges. In his petition, he admitted that he had a prior disciplinary record, consisting of four admonitions in the past six years for similar professional violations. As a sanction, respondent proposed he receive a six-month suspension, deferred in full, subject to a one year supervised probation and participation in Ethics School sponsored through the Louisiana State Bar Association’s Practice Assistance Program.
The ODC concurred in the proposed discipline. It stated respondent’s conduct, as recited in his petition for consent discipline, was consistent with the facts as developed in its own investigation into the matter.

Disciplinary Board Recommendation

The disciplinary board concluded respondent violated the professional rules as charged and, therefore, breached his duties owed to his client and the profession. The board recognized respondent’s actions were knowing and resulted in significant injury to Mr. Terral through respondent’s failure to promptly refund his client’s lafunds.[1] It further pointed out respondent “knew or should have known that he was dealing improperly with client property” in light of his prior disciplinary record involving similar misconduct, which the board considered in aggravation. In determining whether the proposed consent discipline should be accepted or not, the board relied on Standards 4.12 and 7.2 of the ABA’s Standards for Imposing Lawyer Sanctions[2] and jurisprudence from this court.
Accordingly, the board recommended the petition for consent discipline be accepted. Pursuant to that petition, it recommended respondent be suspended from the practice of law for a period of six months, deferred, subject to a one year supervised probation and participation in Ethics School through the Louisiana State Bar Association.
Neither respondent nor the ODC filed objections in this court to the board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be | imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. *1140 Lomsiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
The rule violations in this case, as admitted by respondent, principally involve a failure to account for and refund an unearned fee to one client. In similar cases, this court has imposed discipline ranging from public reprimands to suspensions. See, e.g., In re: Mouton, 610 So.2d 787 (La.1992) (attorney with no prior disciplinary record received public reprimand for failing to return a total of $8,125 in unearned fees advanced by two clients); In re: Guidry, 94-1923 (La.10/28/94), 645 So.2d 625 (attorney with no prior disciplinary record was suspended from practice for three months for neglect of a legal matter, failure to communicate with client and failure to account for or return unearned fee); In re: Johnson, 97-0879 c/w 97-0880 (La.9/26/97), 700 So.2d 1260 (attorney with prior disciplinary record suspended for one year, with six months deferred, followed by two years of probation for failure to refund advanced expenses to a client and failing to cooperate with the ODC); In re: Colwart, 98-2803 (La.11/6/98), 721 So.2d 848 (upon consideration of numerous aggravating factors, attorney was suspended for six months for his neglect of a legal matter, failure to communicate with client, failure to return an unearned fee and failure to cooperate with ODC).
A review of these decisions indicates that the discipline imposed is often influenced by the presence of aggravating and mitigating factors. In its recommendation to this court, the disciplinary board did not specifically identify any aggravating or mitigating factors. However, the presence of prior discipline, an aggravating factor, is discernable from the face of the record, as respondent has acknowledged he has received four prior admonitions for similar misconduct. As a mitigating factor, it appears respondent lacks a dishonest or selfish motive.
| sAfter considering the facts of the case in light of the aggravating and mitigating factors, we conclude the deferred six-month suspension, subject to a one year probationary period and conditions is appropriate. Accordingly, we will accept the petition for consent discipline and order that respondent be suspended from the practice of law for a period of six months, deferred in full, subject to a one year supervised probation and respondent’s participation in the Ethics School.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that James F. Slaughter, be suspended from the practice of law in the State of Louisiana for six months, deferred in full, subject to a one year period of supervised probation. Respondent is ordered to participate in Ethics School sponsored through the Louisiana State Bar Association’s Practice Assistance Program. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
KNOLL, J., recused.
VICTORY, J., and TRAYLOR, J., would reject joint petition for consent discipline because the suspension is fully deferred.

 James C. Gulotta, Justice Pro Tempore sitting for Associate Justice Harry T. Lemmon.

. The record indicates respondent refunded $750 of the fee prior to the hearing before the disciplinary board panel.

. Standard 4.12 provides "[sjuspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.” Standard 7.2 provides "[sjuspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes serious or potentially serious injury to a client, the public, or the legal system.”