*44 ATTORNEY DISCIPLINARY PROCEEDINGS
| .PER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Kathleen L. Rogge, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
On May 17, 1996, respondent filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In re Kathleen Louise Rogge Jacobs, No. 96-12160 on the docket of the United States Bankruptcy Court for the Eastern District of Louisiana. Respondent’s discharge in bankruptcy was entered on October 25, 1996.
After the discharge, the bankruptcy trustee discovered respondent made fraudulent conveyances of movable and immovable property prior to the filing of her bankruptcy petition. In particular, within one year prior to her bankruptcy filing, respondent recorded an act of sale purporting to transfer her Mandeville condominium to her fiancé, Edward Sean Jacobs, in consideration of the stated price of $75,000 with a down payment of $12,000.[1] Respondent later acknowledged that she continued to reside in the condominium after the purported transfer, that she never relinquished ownership of the condominium, that she continued to make the mortgage payments, and that Mr. Jacobs did not make the $12,000 down payment as recited in the act ofj^sale. In November 1997, Mr. Jacobs transferred the condominium back to respondent via a dation en paiement. Respondent failed to disclose *45 the transfer of the condominium in the bankruptcy proceeding.
After learning of the dation, the trustee filed a Complaint to Avoid and Recover Fraudulent Conveyance against Mr. Jacobs and respondent. Respondent subsequently entered into a consent judgment on the complaint, whereby she paid $15,000 to the bankruptcy estate in settlement.
During the course of the proceedings related to the complaint concerning the condominium, the trustee learned that respondent had also donated several pieces of expensive jewelry to her sister and to Mr. Jacobs shortly before the bankruptcy filing. These donations were not disclosed in respondent’s bankruptcy filings. In December 1999, the trustee filed a motion seeking to compel respondent to turnover the jewelry as property of the bankruptcy estate. On January 26, 2000, the bankruptcy court ordered respondent to turnover the jewelry to the trustee. Respondent failed to fully comply with the court’s order and was held in contempt. The court awarded the trustee attorney’s fees of $5,587.50 and costs of $18.75, and imposed a $2,000 sanction against respondent.
DISCIPLINARY PROCEEDINGS
On July 13, 2001, the ODC filed one count of formal charges against respondent, alleging that her conduct violated the following provisions of the Rules of Professional Conduct: Rules 3.3(a) (making a false statement of material fact to a tribunal), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct | ¿prejudicial to the administration of justice). The formal charges were served upon respondent by certified mail received on July 30, 2001.[2]
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

Hearing Committee Recommendation

After consideration of the ODC’s submission in response to the deemed admitted order,[3] the hearing committee agreed that respondent violated the Rules of Professional Conduct as charged. The committee found that respondent violated her duties to the legal system and the profession when she failed to be truthful and candid with the bankruptcy court and others. Within one year of filing for bankruptcy, respondent transferred her condominium to her then flaneé under a sham act of sale. During the same period of time as this purported transfer, respondent also donated several pieces of expensive jewelry to relatives. Respondent failed to list these transfers in the bankruptcy proceedings. Considering the circumstances surrounding the transactions and respondent’s experience in the practice of law, the committee concluded that respondent knowingly and fraudulently concealed the assets and personal property with the intent to defraud creditors, all in violation of the Bankruptcy Code. By failing to list the transfer of the condominium *46 and the donations of jewelry |4in the bankruptcy proceedings, respondent knowingly withheld information and/or made false submissions to the court which adversely affected the proceedings and the parties. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction for respondent’s misconduct is a three-year suspension.
In aggravation, the committee recognized respondent’s substantial experience in the practice of law (admitted 1975), her refusal to acknowledge the wrongful nature of her conduct, and dishonest or selfish motive. As mitigating factors, the committee considered that respondent has no prior disciplinary record and the fact that other penalties have already been imposed. Under these circumstances, the committee recommended that respondent be suspended from the practice of law for three years.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

Following its review, the disciplinary board accepted the hearing committee’s factual findings and its application of the Rules of Professional Conduct. The board found that respondent knowingly violated duties owed to the public and the legal system. By failing to properly disclose her assets, respondent violated federal bankruptcy law, causing an adverse effect on the trustee, the creditors and the bankruptcy proceedings. The trustee had to initiate litigation against respondent and others in order to force respondent to disclose the assets and remit funds representing their value to the bankruptcy estate.
The board adopted the aggravating and mitigating factors cited by the hearing committee, and agreed that a suspension is the baseline sanction in this matter. | ..¡Considering the prior jurisprudence of this court involving similar misconduct, the board recommended that respondent be suspended from the practice of law for three years. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
One board member dissented and would recommend that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case support a finding that prior to filing for bankruptcy protection, respondent transferred substantial personal assets with the intent to defeat the claims of her creditors. Such conduct clearly violates the prohibition in Rule 3.3(a) against making a false statement to a tribunal. Additionally, respondent’s actions involved elements of dishonesty, fraud, deceit, and misrepresentation in violation of Rule 8.4(c) and were prejudicial to the administration of justice, in violation of Rule 8.4(d).
Having found professional misconduct, we now turn to consideration of the appropriate sanction. In fashioning an appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 *47 (La.1990). The discipline to be imposed depends upon | fithe facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record supports the disciplinary board’s finding that respondent knowingly violated duties owed to the public and to the legal system, causing harm to the participants in the bankruptcy proceeding and to the administration of justice. The baseline sanction for such misconduct ranges from a lengthy suspension to disbarment. See In re: Minnieweather, 94-1782, 94-2462 (La.12/9/94), 647 So.2d 1092 (lawyer disbarred for a conviction of two counts of misappropriation of bankruptcy estate property, one count of concealing the assets of a bankruptcy estate, and four counts of mail fraud, among other misconduct); In re: Beard, 609 So.2d 245 (La.1992) (lawyer suspended for three years based upon a federal conviction of concealing assets in a personal bankruptcy case). See also In re: Bilbe, 02-1740 (La.2/7/03), 841 So.2d 729 (lawyer suspended for three years for knowingly making numerous false statements to an immigration judge).
In aggravation, we find respondent has substantial experience in the practice of law and has acted with a dishonest or selfish motive. In mitigation, we recognize that respondent has never been the subject of prior disciplinary proceedings during her nearly thirty year legal career. Additionally, we acknowledge that respondent was held in contempt by the bankruptcy court and significant penalties were imposed on her by that court.
Under these circumstances, we conclude the appropriate sanction for respondent’s misconduct is a three-year suspension from the practice of law.
|7DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Kathleen Louise Rogge, Louisiana Bar Roll number 2411, be suspended from the practice of law for three years. All costs and expenses in the matter are assessed against respondents in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. At the time of the purported transfer the condominium was valued at more than $100,000.

. The return receipt card was signed by respondent personally.

. Respondent filed nothing for the hearing committee's consideration.