*48 ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary matter arises from three counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondents, Franklin W. Hall and Dale L. Sibley, attorneys licensed to practice law in Louisiana.
UNDERLYING FACTS
The underlying facts of these matters are not in dispute, having been stipulated to by the parties.

Counts I and II

In the latter part of 1999, respondents practiced law in a three-lawyer partnership. During this time, respondents hired Martha Minnieweather to work as a secretary/paralegal, knowing that Ms. Minniew-eather was a disbarred lawyer.[1] While Ms. Minnieweather was employed by respondents, she falsely told clients that she was a lawyer, conducted client interviews without supervision, and received and misappropriated client funds.
In Count I, the Whorton matter, Ms. Minnieweather accepted $870 from Ora Lee Whorton in connection with a legal matter. However, Ms. Minnieweather failed | ¡¡to advise respondents’ firm of the payment and misappropriated the funds to her own use. While respondents had no personal knowledge of Ms. Minniew-eather’s activities, they admit they had no meaningful procedures in place that would have uncovered and/or prevented these improprieties. Respondents acknowledge that their conduct violated *49 Rule 5.3 (responsibilities regarding non-lawyer assistants) of the Rules of Professional Conduct. In addition, respondent Hall acknowledges that his conduct in the Whorton matter violated Rule 1.3 (failure to act with reasonable diligence and promptness in representing a client).
In Count II, the Minnieweather matter, Ms. Minnieweather’s brother, James Minnieweather, retained respondents to handle the succession of Dorothy Min-nieweather. Mr. Minnieweather paid respondents a $3,500 fee in January 2000, but no succession was ever opened. In April 2000, Mr. Minnieweather discharged respondents and demanded the file and a return of the legal fee he paid. Respondents did not refund the fee until October 2001, long after Mr. Minniew-eather filed a complaint with the ODC in September 2000. Respondents acknowledge that their conduct in the Minniew-eather matter violated Rules 1.5(f)(6) (failure to refund an unearned fee) and 1.16 (obligations upon termination of the representation) of the Rules of Professional Conduct.

Count III

In February 1999, Flenard Autrey, Sr. retained respondents to file an application for post conviction relief on behalf of his son, Flenard Autrey, Jr., who in 1997 had pleaded guilty to manslaughter in Caddo Parish. Respondents were paid $2,500 to review the records of Mr. Autrey, Jr.’s criminal proceedings, and were paid an additional $2,100 towards their quoted fee of $25,000 for filing the application for post Isconviction relief. Respondents performed some work in the matter, but they did not enroll as Mr. Autrey, Jr.’s counsel, nor did they file an application for post conviction relief on his behalf. In February 2000, Mr. Autrey discharged respondents, citing a lack of progress on the appeal. However, respondents delayed in refunding the unearned portion of the legal fee paid on Mr. Autrey, Jr.’s behalf.
Respondents acknowledge that their conduct in the Autrey matter violated Rules 1.1(a) (failure to provide competent representation to a client) and 1.5(f)(6) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
This matter proceeded to a formal hearing on December 9, 2002. In light of the stipulated facts and rule violations, the only issue remaining for the hearing committee’s consideration was the appropriate sanction for the respondents’ misconduct. During the hearing, respondents acknowledged that they “made some mistakes in how we handled these problems that arose within our firm,” but they contended these were “mistakes of ignorance” and were unintentional.

Hearing Committee Recommendation

The committee acknowledged respondents’ assertion that they made mistakes in ignorance, but noted that respondent Sibley has been a practicing attorney since 1987 and respondent Hall has been a practicing attorney since 1993. In light of this fact, the committee felt it was difficult to fully attribute the admitted mistakes to simple inexperience. In addition, the committee noted it was troubled by respondents’ failure to refund $2,100 to Mr. Autrey, which respondents admitted was unearned. Under all the circumstances, the committee recommended that respondents be suspended from 14the practice of law for a period of ninety days, with the suspension to be deferred “if and only if the $2,100.00 owed in the Autrey matter is refunded within thirty (30) days of the final decision in this matter.”[2]
*50 Neither respondents nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board, Recommendation

The disciplinary board determined that respondents’ actions were partly negligent and partly knowing. In Counts I and II, respondents negligently failed to properly supervise a non-lawyer employee. In Count III, respondents knowingly failed to promptly refund unearned fees paid on Mr. Autrey’s behalf. These actions resulted primarily in respondents’ violation of duties owed to their clients, who have suffered actual injury in the delay of their legal matters and by the deprivation of funds rightly due them.
As aggravating factors, the board recognized multiple offenses and substantial experience in the practice of law. In mitigation, the board recognized that neither respondent has a prior disciplinary record, as well as respondents’ full and free disclosure to the disciplinary board, cooperative attitude toward the proceedings, and remorse.
Standard 4.12 of the ABA’s Standards for Imposing Lawyer Sanctions provides that suspension is appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. In Count III, the Autrey matter, respondents have failed to promptly provide an accounting or to return any unearned fee. Their actions deprived Mr. Autrey, Jr.’s Isfamily (who paid the fee on Mr. Autrey, Jr.’s behalf) of funds rightfully due them for a significant period of time. Standard 4.43 provides for a reprimand when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. The failure of respondents to ensure that Ms. Minnieweather was properly supervised led to a lack of diligence in the handling of their clients’ legal matters. As a result, their clients’ legal matters were unduly delayed and jeopardized.
Based on the ABA Standards and the case law, the board determined that either a reprimand or a deferred suspension is the appropriate sanction for respondents’ misconduct. Primarily considering respondents’ delay in refunding the unearned fee in the Autrey matter, the board concluded that a short suspension is warranted. However, given respondents’ cooperation in this matter, the board felt it is appropriate to fully defer the suspension. Accordingly, the board recommended that respondents be suspended from the practice of law for a period of ninety days, deferred, with any misconduct occurring during a one-year period following the finality of the court’s order being grounds for making the deferred period of suspension executory. The board also recommended that respondents be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondents nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
In light of respondents’ stipulation to the underlying facts and rule violations, the sole issue presented for our consideration in this case is the appropriate sanction | ¿for respondents’ misconduct. In considering that issue, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the *51 legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The rule violations in this case, as admitted by respondents, principally involve their failure to supervise Ms. Min-nieweather, their non-lawyer assistant, and their failure to promptly refund unearned legal fees. Their failure to supervise Ms. Minnieweather appears to be the result of negligence, as there is no evidence in the record that respondents were aware Ms. Minnieweather, a disbarred attorney, was holding herself out as an attorney licensed to practice law.[3] Respondents’ failure to refund unearned fees to their clients was knowing and caused actual harm to these clients. However, respondents ultimately made full restitution of all unearned fees.
In cases principally involving a failure to account for and return unearned fees to one client, this court has generally imposed sanctions ranging from public reprimand to suspension. See, e.g., In re: Slaughter, 01-0151 (La.2/16/01), 778 So.2d 1138 (attorney with a prior disciplinary record suspended for six months, fully deferred, subject to a one-year period of probation, for failing to refund an unearned fee and failing to keep an accurate accounting of the client’s fee payments); In re: Colwart, 98—2303 (La.11/6/98), 721 So.2d 848 (attorney suspended for six months for neglect of a legal matter, failure to communicate with a client, failure to return an unearned fee, and failure to cooperate with ODC; several aggravating factors present); In re: Johnson, 97-0879, 97-0880 (La.9/26/97), 700 So.2d 1260 (attorney with a prior disciplinary record suspended for one year, with six months deferred, followed by two years of probation for failure to refund advanced expenses to a client and failing to cooperate with the ODC); In re: Guidry, 94-1923 (La.10/28/94), 645 So.2d 625 (attorney with no prior disciplinary record was suspended from practice for three months for neglect of a legal matter, failure to communicate with a client, and failure to account for or return unearned fee); and In re: Mouton, 610 So.2d 787 (La.1992) (attorney with no prior disciplinary record received a public reprimand for failing to return a total of $3,125 in unearned fees advanced by two clients).
There is not much jurisprudence addressing an attorney’s failure to supervise non-attorney assistants. However, in In re: Wilkinson, 01-2310 (La.1/15/02), 805 So.2d 142, the court imposed a sixty-day suspension in a case in which an attorney knowingly turned over a succession matter to a law clerk for handling.
Considering this jurisprudence, we conclude the baseline sanction for respondents’ misconduct, taken as a whole, is a short suspension from the practice of law, some or all of which may be deferred.
As aggravating factors, we find respondents have committed multiple offenses and have substantial experience in the practice of law. In mitigation, we place great emphasis on the fact that neither respondent has a prior disciplinary record. Additionally, we recognize respondents *52 have made full and free disclosure to the disciplinary board, demonstrated a cooperative attitude toward the proceedings, and have expressed sincere remorse for their actions.
1 ¡^Considering all the facts of the case, we conclude the appropriate sanction for respondents’ misconduct is a ninety-day suspension from the practice of law. However, in light of the mitigating factors, we will defer this suspension in its entirety, subject to the condition that any misconduct during a one-year period following the finality of this judgment may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Franklin W. Hall, Louisiana Bar Roll number 22408, and Dale L. Sibley, Louisiana Bar Roll number 18433, be suspended from the practice of law for a period of ninety days. It is further ordered that these suspensions shall be deferred in their entirety, subject to the condition that any misconduct by respondents during a one-year period following the date of finality of this court’s judgment may be grounds for making the deferred suspensions executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondents in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON and TRAYLOR, JJ., would impose greater sanctions.

. Ms. Minnieweather was disbarred in 1994 for her conviction of two counts of misappropriation of bankruptcy estate property, one count of concealing the assets of a bankruptcy estate, and four counts of mail fraud. She also commingled and converted client funds, neglected legal matters, and failed to communicate with her clients. In re: Minnieweather, 94-1782, 94-2462 (La.12/9/94), 647 So.2d 1092.

. On June 25, 2003, respondents refunded $2,120 in unearned fees in connection with *50 the Autrey matter.

. We note that effective July 1, 2002, this court amended Rule 5.5 of the Rules of Professional Conduct to prohibit attorneys from employing a disbarred attorney during the period of disbarment. That amendment does not apply in the instant case, as both Ms. Minnieweather's disbarment and her employment by respondents preceded the effective date of the amendment.