ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Craig J. Hattier, an attorney licensed to practice law in Louisiana but currently on interim suspension.[1]
UNDERLYING FACTS AND PROCEDURAL HISTORY
On July 25, 1997, the United States Attorney filed a one-count bill of information charging respondent with concealing assets in a bankruptcy proceeding, a felony under 18 U.S.C. § 152.[2] The Government alleged that from 1990 to 1997, respondent knowingly and fraudulently concealed from the trustee in his Chapter 7 bankruptcy case and from his creditors two bank accounts in the name of Angel Builders, Inc. (“Angel”).[3] The Government further alleged that respondent made [{.deposits to and wrote checks drawn on the Angel accounts, which had an approximate value of $116,500. On October 1, 1997, respondent pleaded guilty in the United States District Court for the Eastern District of Louisiana to the charge set forth in the bill of information.[4] The factual basis of the plea indicates that respondent used the funds in the Angel accounts “for personal and professional purposes,” and that the funds “represented earnings from his practice as an attorney.” On June 24, 1998, respondent was sentenced to serve one year and one day in prison, followed by a two-year period of supervised release. He was also ordered to pay restitution of $116,500 to the Internal Revenue Service.
DISCIPLINARY PROCEEDINGS
On September 4, 2002, the ODC filed one count of formal- charges against re *1125 spondent, alleging that his conduct constituted a violation of Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Respondent answered the formal charges and admitted his conviction, but asserted that numerous mitigating circumstances warrant imposition of “a significantly reduced sanction.”

Formal Hearing

This matter proceeded to a hearing before the hearing committee. The ODC submitted documentary evidence in support of the formal charges, including the bill of information against respondent and the transcript of his guilty plea and sentencing. .^l^Respondent introduced a volume of documentary evidence and testified on his own behalf. He also called his wife and Mr. Timothy Stanley, a character witness, to appear before the committee.

Hearing Committee Recommendation

Considering the evidence and testimony presented at the hearing, the hearing committee agreed that respondent stands convicted of knowingly and fraudulently concealing the two Angel accounts from the bankruptcy trustee. This crime is a felony under federal law. Although Supreme Court Rule XIX, § 19(E) precludes respondent from offering evidence inconsistent with the essential elements of the crime of which he was convicted, the committee found that respondent attempted to deny guilt relating to his criminal conviction and was not able or willing to admit his culpability in the matter. The committee accepted as sincere respondent’s testimony concerning a series of devastating personal and professional difficulties that he and his family experienced both before and after the bankruptcy filing. Nevertheless, in light of the serious nature of respondent’s intentional criminal - conduct and resulting conviction, the committee recommended that he be disbarred, retroactive to the date of his interim suspension.
Respondent filed an objection to the hearing committee’s recommendation.

Disciplinary Board, Recommendation

The disciplinary board agreed that respondent violated the Rules of Professional Conduct as charged in the formal charges. Specifically, respondent violated Rule 8.4(b) by committing the criminal offense of concealing assets in a bankruptcy proceeding. He also violated Rule 8.4(c) by failing to list required | ¿information on a bankruptcy form and opening the two Angel accounts in question through his father-in-law and under a false account name. ■ Finally, respondent violated Rule 8.4(a) by violating the Rules of Professional Conduct.
The board found that'respondent knowingly and intentionally violated duties owed to the public. Considering Standard 5.11 of the ABA’s Standards for Imposing Lawyer Sanctions, which provides for disbarment when a lawyer engages in serious criminal conduct, a necessary element of which includes fraud, the board determined that the baseline sanction for respondent’s conduct is disbarment. The statute defining the crime of concealing assets . in a bankruptcy proceeding, 18 U.S.C. § 152, contains the element of fraud. Respondent’s conduct was fraudulent and clearly falls within Standard 5.11 .in that with the help of his father-in-law, respondent intentionally created bank accounts designed to conceal assets from the bankruptcy trustee, thus potentially injuring legitimate creditors. While no evidence of actual injury to creditors exists in the record, respondent was ordéred to *1126 make restitution to the IRS in the amount of $116,500. Respondent’s illegal acts clearly show a failure to maintain the personal honesty and integrity required by the legal profession and the legal system.
As aggravating factors, the board recognized respondent’s prior disciplinary offenses,[5] dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1978). In mitigation, the board acknowledged respondent’s personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and the imposition of other penalties or sanctions.
15In determining an appropriate sanction for respondent’s conviction of concealing assets in a bankruptcy proceeding, the board also looked to the prior jurisprudence of this court. In In re: Minnieweather, 94-1782, 94-2462 (La.12/9/94), 647 So.2d 1092, the respondent was disbarred for her conviction of two counts of misappropriating property of the bankruptcy estate, one count of concealing assets of the bankruptcy estate, and four counts of mail fraud, among other misconduct, Moreover, the board noted that this court has not hesitated to disbar attorneys convicted of other types of fraudulent criminal activity.
Considering all the facts of this matter, and in light of Minnieweather, the board recommended that respondent be disbarred, retroactive to the date of his interim suspension. The board further recommended that respondent be assessed with all costs and expenses of these proceedings.
Respondent filed an objection to the disciplinary board’s recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. Y, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether the respondent’s crimes warrant discipline, and if so, the extent thereof. At the hearing before a hearing committee the respondent may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime of which he was convicted, as determined by the statute defining the crime. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). These standards are clearly designed to put an end to an examination of the respondent’s guilt or innocence of the crime of which he has already been convicted and to permit only the introduction of mitigating circumstances that are not inconsistent with that guilt. Louisiana State Bar Ass’n v. Loridans, 338 So.2d 1338, 1344 (La.1976).[6] This relates solely to circumstances which bear upon the appropriate measure of discipline to be imposed. Id. at 1345.
*1127 It is undisputed in the instant case that respondent pleaded guilty to one felony count of knowingly and fraudulently concealing assets in a bankruptcy proceeding. Respondent’s guilt of this crime has been conclusively established by virtue of his guilty plea. Nevertheless, at the formal hearing, in brief, and at oral argument before this court, respondent attempted to argue that he was guilty of nothing more than a negligent omission of information from his bankruptcy schedules. Respondent further asserted that the crime of which he was convicted is a mere “technical violation” of the Bankruptcy Code.
We reject respondent’s argument. As set forth in 18 U.S.C. § 152, one of the essential elements of the crime of-concealing assets in a bankruptcy proceeding is a knowing and fraudulent concealment of assets from the trustee charged with control or custody of property belonging to the bankruptcy estate. To permit respondent to offer evidence tending to show his lack of intent would be to admit evidence “inconsistent with the essential elements of the crime for which he was convicted,” in direct contravention of Supreme Court Rule XIX, § 19. Therefore, such evidence, including respondent’s own testimony at the hearing, must be disregarded insofar as 17it seeks to negate any intent on respondent’s part to conceal assets from the bankruptcy trustee.
Turning to the sole issue before us, the extent of the discipline to be imposed in this case, we note that the applicable baseline sanction is disbarment under both the ABA’s Standards for Imposing Lawyer Sanctions and our prior jurisprudence. Notwithstanding respondent’s efforts to downplay the seriousness of his conduct, it is clear that he attempted to hide assets properly included in his personal bankruptcy proceeding by placing certain funds in two bank accounts titled in the name of his father-in-law’s business. Moreover, this scheme ■ continued over a period of seven -years, during which respondent failed to amend his bankruptcy schedules to disclose the existence of the two accounts to the bankruptcy trustee. We have disbarred attorneys under similar circumstances, as the Minnieweather case cited by the disciplinary board clearly reflects.
Notwithstanding the egregious nature of the conduct at issue and the substantial actual harm that results to the integrity of the profession whenever a lawyer is convicted of a serious crime, respondent argues that the mitigating factors present warrant a downward deviation from disbarment. We recognize that several mitigating factors are supported by the record, including respondent’s personal and family problems and the imposition of other penalties or sanctions in the criminal case. Respondent has also demonstrated a cooperative attitude toward the disciplinary proceedings. Nevertheless, these mitigating factors pale in comparison to the aggravating factors present, particularly respondent’s unwillingness to acknowledge that his conduct was in any way wrong. Considering all the circumstances, we find no basis upon which to deviate downward from the baseline in this case. Accordingly, We will accept the disciplinary board’s recommendation | sand impose disbarment, retroactive to March 27, 2002, the date of respondent’s interim suspension.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record,- briefs, and oral argument, it is ordered that Craig Joseph Hattier, Louisiana Bar Roll number 6651, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of *1128 Louisiana shall be revoked, retroactive to his March 27, 2002 interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In re: Hattier, 02-0636 (La.3/27/02), 814 So.2d 543.

. 18 Ú.S.C. § 152 provides in pertinent part as follows:
A person who—
(1) knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor; ...
shall be fined under this title, imprisoned not more than 5 years, or both.

. Angel is a construction company that was incorporated by respondent's father-in-law in 1986.

. Respondent did not self-report his conviction to the ODC.

. Respondent was admonished by the disciplinary board in 1997 for allowing a client’s case to prescribe.

. We took great pains in Loridans to emphasize that inquiry is not foreclosed into the facts surrounding the conviction "insofar as they reflect upon the character or quality of the criminal conduct or a respondent's degree of complicity therein.” 338 So.2d at 1345.